**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MAHMOUD ELMILLIGY, <br><br>               Plaintiff, <br><br> v. <br><br> UNITED STATES POSTAL INSPECTION SERVICE (USPIS), *et al.*, <br><br>               Defendants. | Civil Action No. 25-13500 (JXN)(MAH) <br><br><br> <u>**OPINION**</u> |

**<u>NEALS</u>**, District Judge

Before the Court is *pro se* Plaintiff Mahmoud Elmilligy's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") (ECF No. 7) and Complaint ("Compl") (ECF No. 1) against the Defendants United States Postal Inspection Service ("USPIS"), United States Postal Service ("USPS"), and John Does 1-10 (collectively, "Defendants"). Based on the information contained in the Plaintiff's IFP application, the Court finds that leave to proceed in this Court without prepayment of fees is authorized under 28 U.S.C. § 1915.  As the Court grants Plaintiff's IFP application, the Complaint is subject to the Court's *sua sponte* screening. 28 U.S.C. § 1915(e)(2). For the reasons set forth below, Plaintiff's Complaint will be **DISMISSED**.

## I.     **<u>BACKGROUND</u>**[1]

Plaintiff filed this action under *Bivens*[2] against Defendants for violating his First, Fifth, and Fourteenth Amendment rights under the United States Constitution. (*See generally* Compl.)

---

[1] Plaintiff filed twenty-seven (27) cases in federal court between July 3, 2025, and August 22, 2025, twenty-four of which are filed in the District of New Jersey. This Court takes judicial notice of the fact that a number of these cases allege the same injuries as set forth in the present Complaint.

[2] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In the Complaint, Plaintiff alleges that between 2022 and 2025, he made numerous complaints to "USPS staff and supervisors" via phone and email, as well as in person at the post office in Budd Lake, New Jersey. (Compl. at 1.)[3] These complaints concerned "stolen or missing mail… rerouted credit card and unemployment mailings… and… suspected interference with [Plaintiff's] FMLA-related mail from [Plaintiff's] employer, Ericsson." (*Id*. at 1-2.) Plaintiff asserts the missing mail contained "reinstatement and severance information, IRS checks, time-sensitive legal notices, and vital financial communications." (*Id*. at 2.) Defendants allegedly failed to respond or investigate, resulting in Plaintiff's loss of housing, starvation, inability to secure employment, deterioration of physical and mental health, as well as the overall collapse of Plaintiff's financial and professional life. (*Id*.) Plaintiff alleges that Defendants' actions violated his First, Fifth, and Fourteenth Amendment rights and seeks one million dollars in compensatory damages. (*Id*.)

## II.    LEGAL STANDARD

In submitting the IFP application, the Complaint is subject to *sua sponte* screening and may be dismissed if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6), or dismiss any defendant who is immune from suit.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

(1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

---

[3] The Court refers to the ECF Header page numbers.

(3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086–87 (3d Cir. 1995). "A court is not bound [when determining whether a complaint is frivolous], as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

In matters where a plaintiff proceeds *pro se*, district courts are required to construe the complaint liberally. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient

3

facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

In limited circumstances, a plaintiff may have an implied cause of action for violations of federally protected rights committed by federal actors. *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971). To state a claim under *Bivens*, a plaintiff must allege the defendant denied or violated a right protected by the Constitution or laws of the United States while acting under the color of federal law. *Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006).

## III.    <u>DISCUSSION</u>

As noted above, the causes of action alleged in the Complaint are violations of the First, Fifth, and Fourteenth Amendments under *Bivens*. (Compl. at 2.)

### A.  Immune Defendants

#### 1.  *USPIS and USPS Are Immune from Suit*

First, Plaintiff attempts to assert civil rights claims against United States governmental agencies; however, the United States and its agencies are immune from suit for constitutional torts and are entitled to absolute sovereign immunity in this matter. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 476-77, 484-85 (1994) (*Bivens* provides no cause of action against the United States or its agencies); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (sovereign immunity bars suit against the United States for damages). The Supreme Court in *Ashcroft v. Iqbal* explicitly stated that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's

own individual actions, has violated the Constitution." 556 U.S. 662, 676 (2009). Accordingly, Plaintiff's claims against USPIS and USPS will be **dismissed with prejudice**.

2. *John Does 1-10*

Plaintiff also seeks to assert claims of constitutional violations against unnamed employees and supervisors at the USPIS and USPS. (Compl. at 1.) A federal supervisory official may only be found liable for their own conduct to the extent they were personally involved in unconstitutional conduct. *Iqbal*, 556 U.S. at 676. To the extent some of John Does 1-10 are supervisors, Plaintiff fails to allege any facts showing any actions taken from which this Court could reasonably infer they personally violated Plaintiff's constitutional rights. Accordingly, Plaintiff's claims against John Does 1-10 will be **dismissed without prejudice**.

**B.   *Bivens* Claims**

With respect to Plaintiff's *Bivens* claim, beyond Defendants' alleged failure to respond or investigate Plaintiff's complaints (Compl. at 1), Plaintiff fails to allege any facts from which the Court can infer that Defendants denied or violated Plaintiff's right protected by the Constitution or laws of the United States while acting under the color of federal law. (*See generally* Compl.) Therefore, Plaintiff's *Bivens* claim will be **dismissed without prejudice**.

**IV.   <u>CONCLUSION</u>**

For the reasons stated above, Plaintiff's IFP application (ECF No. 7) is **GRANTED.** Plaintiff's Complaint (ECF No. 1) is **DISMISSED *without prejudice***, except for Plaintiff's *Bivens* claims against the USPIS and USPS, which are **DISMISSED *with prejudice***. To the extent Plaintiff can cure the deficiencies in his Complaint as outlined above, this Court will give Plaintiff thirty (30) days to file an amended complaint. If Plaintiff fails to file an amended pleading within

that time, the Complaint will be dismissed with prejudice in its entirety. An appropriate Form of Order accompanies this Opinion.

**DATED**: 4/16/2026

JULIEN XAVIER NEALS
United States District Judge